UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SIGMA PHI SOCIETY (INC.)**, a
New York non-profit corporation,

    *Plaintiff*,

v.

**MICHIGAN SIGMA PHI, INC.** d/b/a
**ALPHA OF MICHIGAN SIGMA PHI**, a Michigan non-profit corporation, and **MICHIGAN SIGMA PHI HOUSING CORPORATION**, a Michigan non-profit corporation,

    *Defendants.*

Case No. 2:20-cv-12817
Hon. Denise Page Hood
Magistrate David R. Grand

| | |
|---|---|
| Dinsmore & Shohl LLP<br>R.J. Cronkhite (P78374)<br>900 Wilshire Dr., Suite 300<br>Troy, Michigan 48084<br>(734) 558-5809<br>rj.cronkhite@dinsmore.com<br>*Attorneys for Sigma Phi Society* | Nachtlaw, P.C.<br>David A. Nacht (P47034)<br>Samuel L. Estenson (P82414)<br>Fabiola Galguera (P84212)<br>101 N. Main St., Suite 555<br>Ann Arbor, Michigan 48104<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>sestenson@nachtlaw.com<br>fgalguera@nachtlaw.com<br>*Attorneys for Defendants* |

### JOINT REPORT OF PARTIES' RULE 26(F) CONFERENCE

    Pursuant to Fed. R. Civ. P. 26(f), a telephonic conference was held on December 22, 2020, and was participated in by:

    R.J. Cronkhite for Plaintiff Sigma Phi Society

    Samuel L. Estenson and Fabiola Galguera for Defendants

03156545 v1

The parties submit this Joint Report as required pursuant to Fed. R. Civ. P. 26(f). The parties, conferring in good faith, were unable to reach an agreement on all aspects of the discovery plan.

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties request no changes to the required disclosures under Rule 26(a).

The parties stipulated that they would exchange their initial by **January 18, 2021** and the parties did in fact exchange disclosures on January 18, 2021.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

1. **Plaintiff proposes the following:**

   The parties propose a discovery cutoff of **May 1, 2021**.

   The parties anticipate discovery on the following issue:

   a. Defendants' non-compliance with Plaintiff's Constitution and By-Laws, as amended.

   b. The nature and extent of Defendants' unauthorized use of Plaintiff's trademarks.

   c. Damages.

   d. Communications and documents pertaining to the above.

   e. Depositions pertaining to the above.

   The parties do not suggest that discovery be conducted in phases or limited to, or focused on, particular issues.

2. **Defendants propose the following:**

    The parties propose a discovery cutoff of **August 1, 2021**.

      a. The parties anticipate discovery on all matters related to liability, defenses, and damages. The parties believe the issues for discovery are adequately framed by the Complaint and Answer and Affirmative Defenses.

  **3.** **Plaintiff and Defendants agree to the following:**

    a. The parties request that any expert discovery be conducted after the court's ruling on dispositive motions. Beyond this, the parties do not suggest that discovery be conducted in phases or limited to, or focused on, particular issues.

 **(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

  **1.** **Plaintiff proposes the following:**

    a. The parties suggest that documentation be produced only in PDF format absent a showing of need for native files or metadata. That said, the parties shall take all necessary steps to preserve evidence in native form, inclusive of metadata.

    b. The parties The parties agree to take steps to preserve documentation, email, correspondence, and other written and electronic evidence pertaining to this dispute, including in connection with the above discovery items,

  **2.** **Defendants propose the following:**

    a. If relevant and necessary, the parties reserve the right to request electronically stored files in their original electronic form pursuant to the court rules, and the parties shall take all necessary steps to preserve evidence in native form, inclusive of metadata.

    b. The parties also reserve the right to consent to disclosure of electronically stored information not in its original electronic form, but in PDF format.

      c.      The parties reserve the right to object to the disclosure of electronic discovery, or any other discovery, on any grounds available to them under the Federal Rules or other appropriate authority.

**(D)   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties do not anticipate issues pertaining to these items. The parties agree to abide by Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502, and/or the terms of any agreed-upon protective order with respect to the production of privileged material.

**(E)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None. The Federal Rules of Civil Procedure shall govern the parties' interrogatories, requests for admission by each party to any other party, requests for production of documents, and depositions, including amount, service, and time to respond; however, the parties reserve the right to move the Court for additional discovery.

**(F)   Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**(G)   Other items.**

**1.   Plaintiff proposes the following:**

The parties agree to file witness lists on or before **March 1, 2021**.

The parties agree no Motions other than trial motions *in limine* may be filed after **June 1, 2021**.

**2.   Defendants propose the following:**

The parties agree to file witness lists on or before **May 1, 2021**.

4

Respectfully submitted,

| | |
|---|---|
| /s/ R.J. Cronkhite<br>R.J. Cronkhite (P78374)<br>Dinsmore & Shohl LLP<br>900 Wilshire Dr., Suite 300<br>Troy, Michigan 48084<br>(734) 558-5809<br>rj.cronkhite@dinsmore.com<br>*Attorneys for Sigma Phi Society* | /s/ Samuel L. Estenson (w/ consent)<br>David A. Nacht (P47034)<br>Samuel L. Estenson (P82414)<br>Fabiola Galguera (P84212)<br>NachtLaw, P.C.<br>101 N. Main St., Suite 555<br>Ann Arbor, Michigan 48104<br>(734) 663-7550<br>dnacht@nachtlaw.com<br>sestenson@nachtlaw.com<br>fgalguera@nachtlaw.com<br>*Attorneys for Defendants* |

Dated: January 22, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 22, 2021**, I electronically filed the above document(s) with the Clerk of the Court using the electronic filing system, which will automatically send notice of such filing to counsel of record.

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)

03156545 v1